UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIFFORD THOMAS NULL, JR.,

    Plaintiff,

v().                                                   CASE NO. 6:12-cv-766-Orl-37GJK

NURSE TAMMY MANGUAL, et al.,

    Defendants.

**ORDER**

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is now before the Court on Plaintiff's Third Amended Complaint (Doc. No. 34).

*I.    Legal Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether a suit should proceed. Specifically, a federal district court shall dismiss a complaint or individual claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A(b)(1)-(2). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Ala. Public Service Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991). Dismissals on this ground should be

ordered only when the legal theories are indisputably meritless or when the claims rely on factual allegations that are clearly baseless. *Neitzke*, 490 U.S. at 327; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citations omitted). Thus, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences from these allegations in the plaintiff's favor. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). However, a plaintiff must allege more than labels and conclusions; he must set forth plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554-55 (2007). Additionally, the Court is required to read *pro se* pleadings in a liberal fashion. *Alba*, 517 F.3d at 1252 (citation omitted).

## II.     Factual Background

Plaintiff filed this action against Nurse Tammy Mangual ("Mangual") and Dr. Juan Nunez ("Dr. Nunez"), employees at the Brevard County Jail ("Jail"). Plaintiff alleges that on May 20, 2010, he sought treatment for a lump on his wrist (Doc. No. 34 at 7). According to Plaintiff, Mangual diagnosed the lump as a Ganglion cyst and gave him Tylenol for the pain. *Id.* Plaintiff contends that he also saw Mangual on July 26, 2010 and August 4, 2010, and at each sick call visit, it was observed that his cyst had grown larger in size, restricted his movement, and had discolored his skin. *Id.* at 7-8. Mangual referred Plaintiff to Dr. Nunez. *Id.* at 8.

On November 23, 2010, Plaintiff was evaluated by Dr. Nunez, who also diagnosed the lump as a Ganglion cyst. *Id.* Additionally, Dr. Nunez ordered an x-ray of the cyst. *Id.* Plaintiff saw Dr. Nunez on December 9, 2010, at which time Dr. Nunez advised him the x-ray had confirmed that the lump was a Ganglion cyst. *Id.* Dr. Nunez stated that a simple surgery would remove the cyst and advised Plaintiff that he should seek this surgery upon his release from the Jail. *Id.* When Plaintiff informed Dr. Nunez that he had been convicted in the state court and was sentenced to a three-year term of imprisonment in the Florida Department of Corrections ("FDOC"), Dr. Nunez stated that FDOC would "take care" of his cyst. *Id.* Plaintiff was transported to FDOC on January 11, 2011.

Plaintiff was treated on numerous occasions by several different doctors while housed at Gulf Correctional Institution. *Id.* at 8-9.[1] Plaintiff's cyst was eventually diagnosed as synovial sarcoma, a form of skin cancer. *Id.* at 9. Plaintiff received a series of radiation treatments in October 2011. *Id.* After a follow-up appointment with Plaintiff's doctor and an MRI, Plaintiff was informed that multiple spots of cancer were found on his lungs. *Id.* Plaintiff's doctor recommended chemotherapy treatments. *Id.* at 9-10.

---

[1] Plaintiff's initial complaint was filed in the Panama City Division of the Northern District of Florida and also alleged claims of deliberate indifference to medical care against the doctors and nurses who treated him at Gulf Correctional Institution (Doc. Nos. 1 & 19). The Northern District dismissed Plaintiff's claims against those defendants for failure to state a claim, and transferred the case to this Court (Doc. No. 25).

Plaintiff alleges a claim of deliberate indifference to medical care against Mangual and Dr. Nunez. *Id.* at 10. Plaintiff states that Defendants failed to timely diagnose and treat him, which led to the growth of his cyst. *Id.* Plaintiff asserts that after treatment of the cyst, he no longer has any meaningful use of his right hand. *Id.* Moreover, Plaintiff argues that Defendants' actions resulted in the cancer spreading from his wrist to his lungs, thus endangering his life. *Id.*

## III. Legal Analysis

To establish liability pursuant to § 1983 for inadequate medical treatment, a plaintiff must demonstrate that the failure to provide medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.[2] To rise to this level, a plaintiff must show that his inadequate care arose from a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). As recognized by the Eleventh Circuit Court of Appeals, to demonstrate deliberate indifference, a plaintiff must satisfy both an objective and a subjective component. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate

---

[2] Because Plaintiff was a pretrial detainee during the time in which he was incarcerated at the Jail, his claim must be analyzed pursuant to the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

4

indifference' to the serious medical need." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)).

Regarding the objective component, the Eleventh Circuit has described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002); *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). Additionally, to show the required subjective component, a prisoner must prove three facts: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Inadvertent negligence, or even gross negligence, does not rise to the level of a constitutional violation. *Farrow*, 320 F.3d at 1243. "When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted).

In the instant case, although Plaintiff has demonstrated that he had an objectively serious medical need, his allegations fail to show that Defendants acted with deliberate indifference as opposed to mere negligence. Mangual diagnosed Plaintiff's growth on his wrist as a Ganglion cyst. Mangual observed Plaintiff's cyst on three occasions, and after monitoring the cyst's growth, scheduled Plaintiff to see Dr. Nunez. Dr. Nunez ordered an x-ray, and after reviewing the x-ray, also diagnosed Plaintiff with a

Ganglion cyst. Dr. Nunez noted that the cyst could be removed with a simple surgery and recommended Plaintiff seek this surgery when he was transferred to FDOC. These facts do not suggest that Defendants deliberately disregarded Plaintiff's serious medical need. At most, Mangual and Dr. Nunez misdiagnosed Plaintiff's growth, which amounts to a claim of negligence or medical malpractice. *See Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006) ("[t]he facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment") (citing *Estelle*, 429 U.S. at 104-07); *Barr v. Fla. Dep't of Corr.*, No. 10-21890-CV, 2011 WL 1365552, at *4 (S.D. Fla. Apr. 11, 2011) (defendants' misdiagnosis of plaintiff, which led to the improper insertion of a feeding tube, did not rise to the level of deliberate indifference because misdiagnosis amounted to mere negligence).

Plaintiff has not alleged any other conduct that might demonstrate deliberate indifference on behalf of Defendants. To the extent Plaintiff disagrees with Defendants' method of treatment and alleges that they should have performed a CAT scan or biopsy, the Court concludes that disagreement over the proper course of treatment does not entitle Plaintiff to § 1983 relief. *See Barnes v. Martin County Sheriff's Dep't*, 326 F. App'x 533, 536 (11th Cir. 2009) (finding defendants were not deliberately indifferent to inmate's medical needs where defendants provided adequate medical treatment and inmate merely desired a different method of treatment); *Adams v. Pong*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("the question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic

example of a matter for medical judgment' and therefore [is] not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle*, 429 U.S. at 107)).

Plaintiff has failed to state a viable claim for relief against Defendants. The Court concludes this case is subject to dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. The Clerk of Court is directed to enter Judgment and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 30th day of August, 2012.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 8/28
Counsel of Record
Clifford Thomas Null, Jr.